IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 12 CR 521 |
| | ) | |
| | ) | |
| Amado Estevez Cancino, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion & Order

Amado Estevez Cancino is housed at FCI LOMPOC in California, serving federal sentences in two cases: one totaling 24 months in this case and another totaling 135 months in a case out of the Eastern District of California. *See United States v. Estevez*, No. 2:04 CR 305-3 (E.D. Cal.). According to Bureau of Prisons ("BOP") records, his projected release date is March 16, 2024. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is denied.

I observe at the outset that Cancino appears to misunderstand either the structure of his sentence or the power I have over the sentence imposed in the Eastern District of California. The sentence I imposed includes 20 months of imprisonment running concurrent with the California sentence, and only 4 months to run consecutively. That means that, at most, I could reduce his overall prison term by 4 months. Thus, the requests that he made in his

motion in November 2022--and reiterated in a February 2023 motion to compel judgment under Federal Rule of Civil Procedure 12(c)--for immediate release are not possible absent action by the federal court in California.

A defendant-initiated motion for compassionate release may be granted only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"--whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). It is undisputed that Cancino filed an administrative request in October 2020, Dkt. No. 709-1, which was denied, but there apparently have been no additional requests since then. Because that request was before the sentence in this case was imposed, the government argues that it cannot count for purposes of exhaustion here. I am not aware of a decision addressing this issue, and the government cites none, so I will assume that the 2020 administrative request counts for present exhaustion purposes, since doing so does not affect the outcome.

Regardless, certain issues raised by Cancino have not been exhausted. In *United States v. Williams*, the Seventh Circuit held for the first time that "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to

the court." 987 F.3d 700, 703 (7th Cir. 2021). The grounds raised in Cancino's 2020 administrative request, construed broadly, include: (1) harsh conditions of confinement at a Sacramento County jail where Cancino was held for a drug-related offense before escaping to Mexico, (2) harsh conditions of confinement and torture in Mexican prison, (3) his chronic medical conditions and the increased risk posed by Covid-19 due to those conditions, and (4) incorrect calculation of his imprisonment term. *See* Dkt. No. 709-1. The administrative request does not mention the family circumstances argued in the present motion, nor does it (or could it) make any argument based on Cancino's current conditions of confinement at FCI LOMPOC. The exhaustion requirement is mandatory and must be enforced if invoked by the government, *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citations omitted), so I may not consider the family circumstances and prison conditions bases for Cancino's motion.

Aside from the unexhausted issues, Cancino argues for compassionate release based on "deteriorating health and psychiatric conditions" and "technical due process issues" that have lengthened his incarceration. Mot., Dkt. No. 703 at 2. To prevail on his motion, he bears the burden to show these are "extraordinary and compelling reasons" warranting sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th

3

Cir. 2021) (noting prisoner bears burden in motions brought under § 3582(c)(1)(A)).[1]

Cancino argues that his chronic medical conditions justify compassionate release.[2] In an Application Note, the United States Sentencing Guidelines offer some indication of the types of medical conditions constituting extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13, cmt. n.1(A). These include terminal illnesses, as well as medical conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* Though not exhaustive, "§ 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

---

[1] To secure compassionate release, a defendant must also show that a sentence reduction comports with the sentencing factors articulated in 18 U.S.C. § 3553. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (suggesting a two-step analysis to § 3582(c)(1)(A) compassionate release motions, where the second step is consideration of the § 3553 factors). Because Cancino fails to demonstrate extraordinary and compelling reasons support compassionate release, I need not consider the § 3553 factors.

[2] The government apparently understood Cancino to argue only that these conditions increased his risk for severe illness from Covid-19, but I understand him to make both that argument and the distinct argument that these conditions--and his mental health issues, which I address below--independent of Covid-19 constitute extraordinary and compelling reasons for a sentence reduction.

Cancino, who is 50 years old, lists as his chronic medical conditions Type 2 diabetes, high blood pressure, chronic kidney disease, vision impairment, and symptoms related to past Covid-19 infections. Mot. at 6. But he fails to submit evidence supporting the conclusion that these conditions cannot be managed in a prison environment, and so falls short of carrying his burden. In fact, there is evidence to the contrary. The report from a medical evaluation on January 4, 2023, submitted by the government, suggests that many of Cancino's conditions are well-managed in prison. *See* Cancino Med. Rec., Dkt. No. 710 at 1. For example, he is on medication for diabetes and high blood pressure and, at the time of the evaluation, was not experiencing "headache/vision change/other symptoms of end organ damage" for those conditions. *Id.* According to the report, Cancino's chronic kidney disease is at "stage 1," which is considered mild.[3] Cancino Med. Rec. at 3. Even when considered together, I cannot conclude based on the record that these medical conditions rise to the level of extraordinary and compelling reasons for sentence reduction.

---

[3] *See* Cleveland Clinic, *Kidney Disease / Chronic Kidney Disease*, https://my.clevelandclinic.org/health/diseases/15096-kidney-disease-chronic-kidney-disease (last visited April 17, 2023) (characterizing stage 1 as "very mild"); American Kidney Fund, *Stage 1 of chronic kidney disease CKD: Causes, symptoms and treatment*, https://www.kidneyfund.org/all-about-kidneys/stages-kidney-disease/stage-1-chronic-kidney-disease (last visited April 17, 2023) (characterizing stage 1 as "mild").

Similarly, the record supports that Cancino's mental health issues are under control. The January 4th report states, as to Cancino's mental health, that "[c]urrent meds & dosage is helping well in controlling [mental health] symptoms" and that Cancino "[d]enies impaired mood/appetite/energy/sleep" or "suicidal or homicidal ideation." Cancino Med. Rec. at 1. Cancino offers no evidence to the contrary.

Insofar as Cancino suggests his medical conditions pose an increased risk for severe Covid-19 infection, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of Covid-19 is an 'extraordinary and compelling' reason" for compassionate release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). And because Cancino received an initial Covid-19 vaccine and a booster, Cancino Med. Rec. at 198–99, he has not shown that he is unable to receive or benefit from a vaccine. *Broadfield*, 5 F.4th at 803 (noting this as an exception to the general rule).

Cancino also challenges the BOP's computation of his sentence, claiming due process violations that have lengthened his prison time. A motion for compassionate release, however, cannot be used to challenge the BOP's computation of his sentence; that can only be done by filing a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Lawson*, No. 03-282-1 (JDB), 2022 WL 2663887, at *12 (D.D.C. July 11, 2022) ("[A] federal prisoner

6

arguing that he is being or will be incarcerated longer than is authorized by law has only one available procedural mechanism for raising such a claim: a petition for a writ of habeas corpus under 28 U.S.C. § 2241." (citations omitted)); *United States v. Allen*, 124 F. App'x 719, 721 (3d Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241." (citation omitted)). And even were I to treat Cancino's motion as one brought under § 2241, I would lack jurisdiction over it because those petitions must be directed to the district court in the federal district of incarceration. 28 U.S.C. § 2241(a).

Finally, Cancino requests a change to his conditions of supervised release so that he may travel between Mexico and the United States to help his family "finalize[] their immigration status." Mot. at 2. But he fails to provide extraordinary and compelling reasons for a change at this time. Cancino may request amendment to his supervised release conditions following his release from prison, though he should be aware that I only have the power to change the supervised release conditions imposed on him in this district; he would need to seek relief in the Eastern District of California for any changes to the conditions of supervised release imposed there.

For these reasons, Cancino's motion for compassionate release is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 18, 2023